UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

THOMAS CORBETT,

          Plaintiff,

v.

THE BLACK & DECKER CORPORATION, and
BLACK & DECKER (U.S.) INC.,

          Defendants.

---

Civil Action No.

**COMPLAINT
AND JURY DEMAND**

## COMPLAINT AND JURY DEMAND

Plaintiff, Thomas Corbett ("Plaintiff"), by the undersigned attorneys as and for his complaint herein alleges as follows:

### PRELIMINARY STATEMENT

1.    This is an action for damages arising from the severe and disfiguring personal injuries suffered by Plaintiff while operating a table saw designed, manufactured, sold and distributed by The Black & Decker Corporation, and Black & Decker (U.S.) Inc. (collectively the "Defendants").

### PARTIES

2.    Plaintiff is an individual who resides at 14 Sheldon Street, Lynn, Massachusetts 01902.

3.    Upon information and belief, Defendants The Black & Decker Corporation, and Black & Decker (U.S.) Inc. (hereinafter "Black & Decker"), are Maryland corporations with their principal place of business at 701 East Joppa Road, Towson, Maryland 21286.  Defendants

manufacture, distribute, and sell power tools under the Black & Decker and DeWALT Industrial Tool Co. trade names.  Defendant Black & Decker (U.S.) Inc. is a subsidiary of The Black & Decker Corporation.  Defendant Black & Decker has named C T Corporation System of 155 Federal Street, Suite 700, Boston, MA 02110 as its registered agent for process of service in the State of Massachusetts.

## JURISDICTION & VENUE

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that it is an action between citizens of different states and the amount in controversy exceeds $75,000.00.

5.     This Court has personal jurisdiction over the Defendants because Plaintiff's claims arise from the Defendants':

  a.  transacting business in the Commonwealth of Massachusetts;

  b.  contracting to supply services or things in the Commonwealth of Massachusetts;

  c.  causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or

  d.  causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing and soliciting business and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts.

6.     This Court also has personal jurisdiction over defendant Black & Decker because Black & Decker is authorized to do business, and is doing business, in the Commonwealth of Massachusetts.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) in that all the Defendants reside in this District, as that term is defined in § 1391(c), and pursuant to § 1391(a)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

8.     Upon information and belief, at times prior to June 9, 2011, Defendants were the designers, manufacturers, testers, suppliers, sellers, and/or distributors of a DeWALT DW745 table saw, Serial Number 2010 07-CT 038276, (hereinafter the "Subject Saw") and had distributed, supplied and/or sold the Subject Saw in Massachusetts.

9.     On or about June 9, 2011, Plaintiff, while in the course of his employment for J&W Custom Carpentry, was injured while operating the Subject Saw.  At the time of the accident, Plaintiff was exercising all due care for his own safety.

10.     For years, table saws designed, manufactured and/or sold by Defendants were packaged with poorly designed blade guards that were extremely non-user friendly because they were difficult to attach and remove, interfered with certain ordinary cuts, obstructed the operator's view of the cut and could come out of alignment, resulting in an increased likelihood of certain types of accidents.  Because of these defects in the design, a culture of non-use of the blade guard developed among table saw operators, with upwards of three quarters of users not using the guard.  This fact was well-known to table saw manufacturers and retailers, including Defendants.

11.     In response to this widespread non-use of the blade guard, the Manufacturer Defendants joined a joint venture with several other competitor firms in the table saw industry to

develop a new blade guard for table saws that would address operators concerns and be more user-friendly.

12.     Among the features of this new guard was that it incorporated an independent riving knife. A riving knife is a small piece of metal that sits behind the blade and rises and falls with the blade.  Even if the guard is removed, the riving knife remains in place, substantially reducing or eliminating kickbacks. A riving knife also acts as a physical barrier for the back portion of the saw blade, preventing physical contact with the rear of the blade in certain accident scenarios.

13.     After years of delay, Defendants finally began to design, manufacture and sell table saws incorporating the new guard.  The design of the DeWalt Saw incorporated the new guard.

14.     However, notwithstanding their knowledge that a firm culture of guard non-use had developed among woodworkers, Defendants failed to make adequate efforts to inform operators, including Plaintiff, of the improved guard design on the DeWalt Saw, including that many of the aspects of the design of the old blade guard that had prompted operators not to use it were no longer present in the new guard design.

15.     Had Defendants taking some affirmative approach to changing the culture of non-use of guards that they themselves helped create, Plaintiff's injury may have been substantially reduced.

16.     Additionally, for years, technology has been available that, for example, would stop a power tool saw blade almost instantly upon contact with human flesh, thereby avoiding the traumatic injury suffered by Plaintiff.

17.     In or around November 2000, at a meeting of the Power Tool Institute, Inc. ("PTI"), of which Black & Decker is a member, Black & Decker was made aware of technology that detects when human flesh touches the spinning blade of a table saw, and once contact is detected, stops the table saw blade almost instantly.   At the time of the demonstration, the inventor of the flesh detection and braking technology offered to make the technology available to Black & Decker through a licensing agreement. Defendant Black & Decker chose not to utilize this technology and instead joined with other table saw manufacturers through PTI to form a joint venture, ostensibly to develop their own flesh detection and braking technology. Defendants, however, have continued to sell table saws without this available technology.

18.     The Defendants, acting through PTI, have also actively lobbied the Consumer Protection Safety Commission ("CPSC") to prevent the adoption of flesh detection systems as a safety standard on table saws.

19.     Defendants failed to pursue licensing and use of this available, safer flesh detection technology, and failed to implement any alternative technology or to mitigate or eliminate the effects of accidental blade contact with human flesh.

20.     The Subject Saw does not incorporate the flesh detection and braking technology, or other comparable safety technology.

## COUNT I
### (Negligence Against Defendants)

21.     Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 20 and incorporates each as if fully set forth herein.

22.     Defendants were negligent with respect to the designing, manufacturing, testing, inspecting, distributing and selling of the Subject Saw and were negligent with respect to equipping the Subject Saw with adequate safeguards, warnings and/or instructions.

23.     As the direct and proximate result of said negligence of Defendants, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, including multiple surgeries, incurred medical expenses, lost time from work, and his ability to engage in normal and usual activities has been adversely affected.

## COUNT II
### (Breach of Implied Warranty Against Defendants)

24.     Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 23 and incorporates each as if fully set forth herein.

25.     Defendants impliedly warranted to Plaintiff that the Subject Saw and its component parts were merchantable, safe and fit for ordinary purposes.  Defendants are merchants with respect to goods of the kind involved in the accident.  The product, component parts of the product and the product warnings and instructions were defective, and therefore the product was not, in fact, merchantable, safe and fit as warranted by Defendants.  Defendants therefore breached these warranties to Plaintiff.

26.     As the direct and proximate result of Defendants' said breaches of warranties, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, including multiple surgeries, incurred medical expenses, lost time from work, and his ability to engage in normal and usual activities has been adversely affected.

## COUNT III
### (Strict Liability Against Defendants)

27.     Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 26 and incorporates each as if fully set forth herein.

28.     Defendants placed the Subject Saw that injured Plaintiff on the market, knowing that it would be used without inspection for defect.

29.     The Subject Saw that was placed on the market by Defendants and which injured Plaintiff was defective.

30.     The defect in the Subject Saw caused Plaintiff's injury, causing Plaintiff to sustain severe and permanent physical injury and great pain of body and mind, to require extensive hospital and medical care and treatment and medical expenses, and to suffer lost time from work, and impaired his ability to engage in normal and usual activities.

**WHEREFORE**, the Plaintiff Thomas Corbett demands judgment against the Defendants in an amount sufficient to compensate him for his losses in damages, together with interest and costs.

## COUNT IV
**(Violations of M.G.L. c. 93A Against Defendant The Black & Decker Corporation)**

31.     Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 though 30 and incorporates each as if fully set forth herein.

32.     Defendant's breach of warranty, distribution and sale of a defective and unsafe table saw, coupled with its failure to adequately warn foreseeable users about the hazards associated with its table saw, constituted unfair and/or deceptive business practices which violated M.G.L. c. 93A.

33.     On or about December 13, 2011, Plaintiff, through his counsel, served a written demand for relief on Defendant The Black & Decker Corporation in compliance with M.G.L. c. 93A, §9. That demand alleged that Defendant The Black & Decker Corporation has engaged in unfair and deceptive business practices in connection with the table saw involved in Plaintiff's accident.

34.     Defendant The Black & Decker Corporation has not responded to Plaintiff's demand letter and has made no attempt to engage in settlement negotiations regarding Plaintiff's 93A claim.

## COUNT V
### (Violations of M.G.L. c. 93A Against Defendant Black & Decker (U.S.) Inc.)

35.     Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 though 34 and incorporates each as if fully set forth herein.

36.     Defendant Black & Decker (U.S.) Inc.'s breach of warranty, distribution and sale of a defective and unsafe table saw, coupled with its failure to adequately warn foreseeable users about the hazards associated with its table saw, constituted unfair and/or deceptive business practices which violated M.G.L. c. 93A.

37.     On or about December 13, 2011, Plaintiff, through his counsel, served a written demand for relief on Defendant Black & Decker (U.S.) Inc. in compliance with M.G.L. c. 93A, §9. That demand alleged that Defendant Black & Decker (U.S.) Inc. has engaged in unfair and deceptive business practices in connection with the table saw involved in Plaintiff's accident.

38.     On January 20, 2012, Defendant Black & Decker (U.S.) Inc. responded to Plaintiff's demand letter, but made no attempt to engage in settlement negotiations regarding Plaintiff's 93A claim at that time.

**WHEREFORE**, the plaintiff, Thomas Corbett, demands judgment against Defendants The Black & Decker Corporation, and/or Black & Decker (U.S.) Inc. on his claim under M.G.L. c. 93A, and asks that said judgment be trebled and that he also be awarded attorney's fees and costs due to Defendants' unfair and deceptive business practices.

## JURY DEMAND

Plaintiff Thomas Corbett hereby demands a trial by jury on all issues so triable.

Dated:  January 23, 2012

Respectfully submitted,

**SULLIVAN & SULLIVAN LLP**

/s/Richard J. Sullivan
Richard J. Sullivan
BBO No. 554085
40 Washington Street
Wellesley, Massachusetts  02481
Ph:  781-263-9400

**BOIES, SCHILLER & FLEXNER LLP**
George F. Carpinello (*Pro hac vice* to be filed)
10 North Pearl Street, 4th Floor
Albany, New York 12207
Ph: 518-434-0600

*Attorneys for Plaintiff*